# United States District Court
## For the Western District of New York

| | |
|---|---|
| **Myles Carter**, <br><br> Plaintiff, <br><br> v. <br><br> **Buffalo Police Lieutenant Nicole Santiago, N.Y. State Trooper Adam Hyde, and N.Y. State Trooper Richard Arcangel,** <br><br> Defendants. | **Complaint** <br><br> **Plaintiff Demands a Trial by Jury** |

Plaintiff, by and through his attorneys Sivin, Miller & Roche LLP, for his Complaint alleges as follows:

## The Parties

1. That at all times herein mentioned, Plaintiff was and is a United States citizen and a resident of the Town of Tonawanda, County of Erie, State of New York.

2. That at all times relevant hereto, Defendant Buffalo Police Lieutenant Nicole Santiago (hereinafter "Santiago"), was an employee of the Buffalo Police Department (hereinafter "BPD"), acting in the capacity of agent, servant, and employee of the City of Buffalo—a municipal corporation organized and existing under and by virtue of the laws of the State of

New York—within the scope of her individual duties as such, and under color of state law. Lieutenant Santiago is sued in her individual capacity.

3.      That at all times relevant hereto, Defendant N.Y. State Trooper Adam Hyde (hereinafter "Hyde"), was an employee of the New York State Police (hereinafter "the State"), acting in the capacity of agent, servant, and employee of the State, within the scope of his individual duties as such, and under color of state law. Trooper Hyde is sued in his individual capacity.

4.      That at all times relevant hereto, Defendant N.Y. State Trooper Richard Arcangel (hereinafter "Arcangel"), was an employee of the State, acting in the capacity of agent, servant, and employee of the State, within the scope of his individual duties as such, and under color of state law. Trooper Arcangel is sued in his individual capacity.

## JURISDICTION AND VENUE

5.      Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

6.      This action arises under 42 U.S.C. § 1983, alleging violations of plaintiff's civil rights, including rights guaranteed under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

7.      This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

8.      The venue is proper in this Court under 28 U.S.C. § 1391(b)

because the parties reside in the Western District of New York and the acts complained of occurred in the Western District of New York.

## Jury Demand

9.     Plaintiff demands trial by jury in this action.

## Factual Allegations

10.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

11.     That on June 1, 2020, Plaintiff was lawfully standing at or near the intersection of Bailey Avenue and Weston Avenue, Buffalo, New York, attending a protest of police misconduct.

12.     That on June 1, 2020, Defendants N.Y. State Troopers Hyde and Arcangel were assigned to the West team of the New York State Police Mobile Field Unit (hereinafter "MFU"), and were dispatched to the BPD "E" District on Bailey Avenue.

13.     That on June 1, 2020, Defendant Buffalo Police Lieutenant Santiago was present at the BPD "E" District Station House.

14.     That during the course of the protest, Plaintiff was being interviewed by a media outlet about issues relating to the protest.

15.     That during the course of this interview, Plaintiff had his arms extended vertically over his head and his hands open, an act commonly

referred to as a "hands up" gesture and universally recognized as intended to indicate that the individual poses no threat of harm to others.

16.     That while Plaintiff was being interviewed by the media outlet with his hands up, Troopers Hyde and Arcangel, acting collectively and in concert with one another, violently tackled Plaintiff from behind and threw Plaintiff to the ground.

17.     That after tackling Plaintiff to the ground, Hyde and Arcangel forcibly detained and kept Plaintiff pinned to the ground (forcing Plaintiff to ingest tear gas that had been discharged in the area) and forcibly applied zip ties to Plaintiff's hands.

18.     That after forcibly applying the zip ties to Plaintiff, Hyde and Arcangel continued to detain, confine, and imprison Plaintiff against his will at various locations, including but not limited to the BPD "E" District Station House.

19.     That following Plaintiff's arrest and transport to the BPD "E" District Station House, Hyde, Arcangel, and BPD Lieutenant Santiago escorted Plaintiff to the interview room of the Station House.

20.     That while inside the interview room of the Station House, Santiago and Buffalo Police Department Officer Charlan D. Mitchell (hereinafter "Mitchell"), acting collectively and in concert with one another, substituted metal handcuffs for the zip ties that initially were applied to restrain Plaintiff.

21.     That while inside the interview room of the Station House, Santiago supplied information to Mitchell concerning Plaintiff's conduct during the preceding events and directed Mitchell to transport Plaintiff to central booking, initiating and/or causing to be initiated a criminal prosecution of Plaintiff, in which Plaintiff was charged with crimes of which he was innocent and of which Hyde, Arcangel, and Santiago knew Plaintiff to be innocent.

22.     That in support of the aforementioned prosecution, officers including but not limited to Hyde, Arcangel, and Santiago knowingly made false accusations against plaintiff to fellow officers and to prosecutors; and that Mitchell authored and signed Criminal Court Complaints that contained allegations of criminal conduct against Plaintiff that were false and that Hyde, Arcangel, and Santiago knew to be false.

23.     That as a result of the criminal prosecution, Plaintiff was required to appear in court to defend against the criminal charges, and was otherwise deprived of his liberty.

24.     That on or about July 17, 2020, all criminal charges against Plaintiff were dismissed on the merits, and the criminal proceeding terminated favorably to Plaintiff.

25.     That at all times herein mentioned, Hyde and Arcangel lacked probable cause or even reasonable suspicion to believe that Plaintiff had committed or was about to commit any crime or criminal violation.

26.     That on or about July 24, 2020, just one week after the

dismissal of the criminal charges against Plaintiff was subjected to an additional criminal prosecution arising out of the same June 1, 2020 incident, in which Plaintiff again was charged with crimes of which he was innocent.

27.     That as a result of the additional criminal prosecution, Plaintiff again was required to appear in court on numerous occasions over a nearly two-year period to defend against the criminal charges, and was otherwise deprived of his liberty.

28.     That on or about March 7, 2022, after a bench trial before the Hon. Diane Y. Wray in the Buffalo City Court, all criminal charges against Plaintiff were dismissed on the merits, and the criminal proceeding terminated favorably to Plaintiff.

29.     That the force used against Plaintiff by Hyde and Arcangel during the June 1, 2020 incident was unreasonable, excessive, and not justified under the circumstances.

30.     That the force used against Plaintiff resulted in difficulty breathing, bruising and cuts to both wrists, an injury to plaintiff's lower back which prevented Plaintiff from engaging in certain physical activities for an extended period of time after the date of the arrest, and anxiety.

31.     That the aforementioned actions of Hyde, Arcangel, and Santiago were intentional and malicious in nature.

32.     That the aforementioned actions of Hyde, Arcangel, and Santiago were motivated, in part, by a desire to punish Plaintiff for the exercise

of his First Amendment rights of free speech and assembly, and his right to petition the government for redress of grievances.

33.    That each of the Defendants herein observed aspects of the illegal conduct of their fellow law enforcement officials, had a duty and reasonable opportunity to intervene to prevent and/or stop that illegal conduct, and deliberately failed and refused to do so.

34.    That as a result of the aforesaid actions of the Defendants, Plaintiff sustained physical and emotional injuries, endured and will continue to endure pain and suffering and loss of enjoyment of life, suffered a deprivation of liberty, incurred attorney's fees in defense of the criminal charges, incurred other economic loss, and has been otherwise damaged.

## First Cause of Action
### 42 U.S.C. § 1983—False Arrest & False Imprisonment
### (Against all Defendants)

35.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

36.    Defendants wrongfully and illegally arrested Plaintiff and falsely charged Plaintiff with numerous crimes.

37.    The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

38.    Defendants knew they lacked probable cause to arrest Plaintiff

because they knew that Plaintiff had not engaged in any unlawful conduct.

39.    No reasonable officer would have believed there was probable cause to arrest Plaintiff under these circumstances.

40.    At all relevant times, Defendants acted forcibly in apprehending and arresting Plaintiff.

41.    Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C.§ 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

42.    Defendants' conduct was willful, wanton, and reckless.

43.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## Second Cause of Action
### 42 U.S.C. § 1983—Malicious Prosecution
#### (Against all Defendants)

44.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

45.    Defendants maliciously and without justification commenced

criminal proceedings against Plaintiff.

46.    Defendants charged Plaintiff with these charges falsely, maliciously, in bad faith, and without probable cause.

47.    Defendants knew they lacked probable cause to prosecute Plaintiff because they knew that Plaintiff had done nothing wrong, should not have been arrested, and that no reliable information suggested that he had committed any offense.

48.    No reasonable officer would have believed that there was probable cause to prosecute Plaintiff under these circumstances.

49.    Following proceedings in criminal court, during which time Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

50.    Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the United States Constitution.

51.    Defendants conduct was willful, wanton, and reckless.

52.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore

alleged.

## Third Cause of Action
### 42 U.S.C. § 1983—Excessive Force
#### (Against all Defendants)

53.    Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

54.    By reason of the foregoing, and by pushing and manhandling Plaintiff, tackling, throwing, and pinning Plaintiff to the ground, forcing Plaintiff to ingest tear gas that had been discharged in the area, and forcibly applying zip ties and metal handcuffs to Plaintiff's hands, Defendants used unreasonable and excessive force against Plaintiff under the circumstances that they confronted.

55.    Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth Amendment to the United States Constitution.

56.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983—FAILURE TO INTERVENE
### (AGAINST ALL DEFENDANTS)

57.    Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein.

58.    Law enforcement officers have an affirmative duty to assess the lawfulness of interactions between their fellow members of service and civilians and to intervene where they observe another uniformed employee falsely arresting a civilian or using excessive force against a civilian.

59.    Defendants were present and witnessed other defendants falsely arrest and detain Plaintiff and use excessive force against Plaintiff.

60.    Defendants had a reasonable opportunity to intervene to prevent the false arrest and detention of Plaintiff and the use of excessive force against Plaintiff.

61.    Defendants failed to take any action or make any effort to intervene, halt the unlawful actions of their fellow officers, or protect Plaintiff.

62.    Defendants' failure to intervene proximately caused the violation of Plaintiff's constitutional rights.

63.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983—FIRST AMENDMENT VIOLATIONS
### (AGAINST ALL DEFENDANTS)

64.   Plaintiff repeats and realleges the above paragraphs as if they were set forth fully herein

65.   Defendants retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment, and imposed restrictions on such protected speech and/or conduct that violated Plaintiff's First Amendment rights, including, but not limited to, falsely arresting Plaintiff, subjecting Plaintiff to excessive force, selectively enforcing laws and regulations against Plaintiff, and otherwise violating Plaintiff's rights and engaging in the acts complained of herein.

66.   Defendants engaged in those and other acts complained of herein in retaliation for Plaintiff's protected speech and/or conduct.

67.   Defendants engaged in the acts complained of herein in order to prevent Plaintiff from continuing to engage in such protected speech and/or conduct.

68.   Defendants engaged in the acts complained of herein in order to prevent and/or discourage Plaintiff from engaging in similar protected conduct in the future.

69.   Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Defendants acted willfully,

knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the First Amendment to the United States Constitution.

70.    Defendants conduct was willful, wanton, and reckless.

71.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## Sixth Cause of Action
### 42 U.S.C. § 1983—Denial of the Right to a Fair Trial
#### (Against all Defendants)

72.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

73.    Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

74.    Defendants forwarded said false information to prosecutors.

75.    Defendants' actions resulted in post-arraignment deprivations to plaintiff's liberty and freedom of movement.

76.    Defendants acted under pretense and color of state law. Said acts by Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his

constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

77.    Defendants conduct was willful, wanton, and reckless.

78.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them, for compensatory damages in the amount of Three Million ($3,000,000.00) Dollars, and punitive damages in the amount of One Million Five Hundred Thousand ($1,500,000.00) Dollars, and Plaintiff demands attorneys' fees pursuant to 42 U.S.C. § 1988, together with the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

Dated: May 26, 2023

Very truly yours,

s/ Edward Sivin_____
Attorneys for Plaintiff
Sivin, Miller & Roche, LLP
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
E-mail: esivin@sivinandmiller.com